UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SINGH SUNDER,

        Plaintiff,

    v.                                Case No. 25-cv-1269-bhl

CHRIS BUESGEN and
MARIO CANIZANI,

        Defendants.

## SCREENING ORDER

Plaintiff Singh Sunder, who is currently serving a state prison sentence at Stanley Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On September 3, 2025, Sunder paid the $405 civil case filing fee, so the Court will deny as moot his motion for leave to proceed without prepaying the full filing fee. The Court will screen the complaint, as required by 28 U.S.C. §1915A.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short

and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ANALYSIS

Sunder's complaint violates Fed. R. Civ. P. 8 because it fails to include a "short and plain statement of the claim." Sunder concludes that wardens at two different institutions violated his "freedom of religion" by denying him the "rights of his religion," which is Sikhism. But Sunder includes no factual allegations that would allow the Court to reasonably reach the same conclusion. He does not explain what happened, what communications he had with either warden regarding his religion, what rights he was allegedly denied, what explanation the wardens provided for the alleged denials, or how the alleged denials impacted him. Without factual allegations such as

2

these, Sunder fails to state a claim. *Iqbal*, 556 U.S. at 678 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The Court will give Sunder an opportunity to file an amended complaint to cure the identified deficiencies. If Sunder decides to file an amended complaint, he should draft it as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) what relief he would like the Court to provide. He should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case. Sunder should *not* include a description of the law as he understands it. The Court is familiar with the law and only requires Sunder to state what happened to lead him to conclude that his rights have been violated.

Sunder is also advised that 42 U.S.C. §1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. §1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* Thus, with respect to any claim or claims advanced in his amended complaint, Sunder must identify the individuals who were involved and specify the manner in which their actions, or failure to take action, violated his constitutional rights.

Finally, Sunder should be aware of the rule against joining multiple unrelated claims against different defendants in the same pleading. "Unrelated claims against different defendants belong in different suits," so as to prevent prisoners from dodging the fee payment or three strikes provision in the Prison Litigation Reform Act. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). It is unlikely that claims against different officials at different institutions are properly joined in the same action because those claims are unlikely to have arisen out of the same transaction or occurrence. *See* Fed. R. Civ. P. 18, 20. If Sunder wants to pursue unrelated claims against different defendants, he must do so in separate cases.

Sunder is advised that an amended complaint will replace the original complaint, so it must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this case based on Sunder's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Sunder's motion for leave to proceed *in forma pauperis* (Dkt. No. 4) is **DENIED** as moot because Sunder paid the full filing fee.

**IT IS FURTHER ORDERED** that on or before **October 13, 2025**, Sunder may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Sunder a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

4

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Sunder is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on September 17, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

5